*Moyers v. Poon et al.*, No. 207-11-14 Ancv (Hoar, J., Oct. 20, 2016).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Addison Unit | CIVIL DIVISION<br>Docket No. 207-11-14 Ancv |

John Moyers,
     Plaintiff

    v.

Sheun Lai Poon,
Brenda Lee Poon,
     Defendants

### DECISION ON MOTIONS

Plaintiff owns a parcel of land in Bristol. Defendants own an adjoining parcel, which is served by driveway access across Plaintiff's parcel. Defendant has also used a portion of Plaintiff's parcel (previously denominated the "disputed area") for various purposes. Plaintiff brought this case, seeking damages and an injunction against future use of his premises. Defendants counterclaimed, seeking a declaration that they enjoyed rights over the driveway by prescriptive easement and over the disputed area (which they denominated the "Acquired Premises") by adverse possession. On December 22, 2015, the court granted summary judgment to Plaintiff, dismissing the counterclaims and declaring that Defendants enjoyed no rights over the disputed area other than allowed by a "deeded right of access for deliveries." This ruling left Plaintiff's damages and injunctive claims remaining for resolution.

Plaintiff now moves to dismiss his damages claims, without prejudice to his right to pursue claims for future damages. In response, Defendants do not object to dismissal of Plaintiff's damages claims, but seek relief from the summary judgment order. They now offer evidence that suggests that there is no "deeded right of access for deliveries," and ask therefore that the court reconsider its dismissal of their counterclaims. The court grants Plaintiff's motion and denies Defendants' motion, except to the extent that it requires a restatement of the scope of the court's ruling on Defendants' right to use any part of Plaintiff's premises.

The court turns first to Defendants' Motion to Amend Summary Judgment Order. That motion finds a home, if at all, in V.R.C.P. 60(b)(1) or (2). Defendants suggest that it was only recently, when Plaintiff produced a copy of the document on which rests his assertion of a "deeded right of access for deliveries," that they discovered that there was no such deeded right.

While this may well be true, it does not support their request for relief from judgment, for two simple reasons.

First, Defendants' failure to discover this new evidence sooner is not the product of "mistake, inadvertence, surprise, or excusable neglect"; nor is the evidence "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Instead, faced with a statement of undisputed material facts, properly supported by affidavit, Defendants chose neither to dispute the asserted fact nor to inquire further. Thus, for purposes of summary judgment, Defendants admitted the existence of the "deeded right of access for deliveries." They offer no persuasive reason for being relieved of what appears to have been a conscious tactical decision.[1]

Second, even had Defendants properly contested the existence of the "deeded right of access for deliveries," that would not have changed the outcome. The court's decision rested not on the existence of a right of access, but instead on the conclusion that Defendants had failed completely to adduce any competent evidence to demonstrate that any use they, their tenants, or their predecessors had made of Plaintiff's property was "open, notorious, hostile, and continuous throughout the statutory period of fifteen years." Decision on Motion for Summary Judgment at 3, quoting *N.A.S. Holdings v. Pafundi*, 169 Vt. 437, 440 (1999). Specifically, the court observed,

> On this record, there is no evidence that Mr. and Ms. Poon acquired title to or rights over any of Mr. Moyers's land through adverse possession or prescriptive easement by tacking onto another's use of the land; nor is there any evidence that any such rights had been perfected prior to the Poons' acquisition of their parcel.

*Id.* at 4. The existence of a "deeded right of access for deliveries" was not material to that conclusion. Thus, any dispute that may now exist does not warrant revisiting the court's declaration that "Mr. and Ms. Poon have no right, by adverse possession or prescriptive easement, to use the disputed area." *Id.* at 5. Rather, the court's "ruling, by its express terms, does not address any rights the Poons may have by virtue of the deeded right of access for deliveries.' " *Id.*

Defendants' submission does bring to light two aspects of the Decision that require clarification. First, the Decision refers specifically to rights to use the "disputed area"—the area, behind Defendants' property, that they had used for storage and other purposes. Plaintiff's claims and Defendants' counterclaims, however, were broader; both fairly put in dispute Defendants'

---

[1] Neither is there a basis for claiming "fraud, misrepresentation, or other misconduct" on the part of Plaintiff, as would be required to support a request for relief under Rule 60(b)(3). At most, Defendants' submission might support a finding of mistake on Plaintiff's part in his statement that a "deeded right of access for deliveries" existed. Even so, it was Defendants' failure to inquire further that resulted in the court's acceptance of this fact.

right to use any part of Plaintiff's property—driveway or "disputed area"—by adverse possession or prescriptive easement. On summary judgment, Defendants failed entirely to meet their burden on these claims. Thus, the Decision is amended to read, "Mr. and Ms. Poon have no right, by adverse possession or prescriptive easement, to use any part of Mr. Moyers's property."

Second, it now appears that there may in fact be no "**deeded** right of access for deliveries." That, ultimately, is of no moment, as there is no dispute that Defendants do enjoy a right of access for deliveries—whether by deed, necessity, public dedication, or otherwise is immaterial. At the very least, Plaintiff has made a binding admission that such a right exists, and Defendants are entitled to the benefit of that admission. The scope of that right remains undefined. Thus, the Decision is further amended to read, "This ruling, by its express terms, does not address any rights the Poons may have by virtue of the 'right of access for deliveries.' " The final judgment, when it issues, will make clear that Defendants have such a right.

Turning next to the Motion to Dismiss Claims, Plaintiff asks that the court dismiss his claims for "damages for trespass and for the Defendants' share of the driveway maintenance that the Plaintiff has undertaken during this ownership." He states that he "is not foregoing any claims on these bases in the future." He does not address his claims for injunctive relief.

The court reads this motion as a request to dismiss with prejudice all claims that were or could have been brought in this case, reserving for future decision any claims for damages or injunctive relief based on conduct occurring after the issuance of final judgment in this case. Defendants do not oppose this motion. Thus, while this resolution may seem to invite further litigation on the questions left unanswered here—the scope of Defendant's right of access for deliveries and claims both for use of Plaintiff's property beyond that scope and for common benefit costs of maintaining the shared driveway—the court will not require the parties to continue litigating where they seem content, at least for the nonce, to suspend hostilities. The court therefore grants Plaintiff's Motion to Dismiss Claims, subject to Plaintiff's right, within five days, to object to the court's characterization of that motion. Failing such objection, the court will then enter final judgment.

Electronically signed on October 20, 2016 at 07:43 AM pursuant to V.R.E.F. 7(d).

_____
Samuel Hoar, Jr.
Superior Court Judge